Carhart, J.
Plaintiffs Bette Sobotka and Geoffrey Sobotka commenced this action against defendants Westfield Savings Bank, David Chase and Gary Petersen, asserting various statutory and common law claims.* Before the court is defendant David Chase’s motion for summary judgment on Count I (violation of M.G.L.c. 151B, sex discrimination), Count II (violation of M.G.L.c. 214, §1C, sexual harassment), Count III (violation of M.G.L.c. 93, §102, the Massachusetts Equal Rights Act), Count VII (intentional or negligent infliction of emotional distress), Count X (intentional interference with advantageous economic or contractual relations), Count XII (violation of the Massachusetts Civil Rights Act) and Count XIII (loss of consortium). For the reasons discussed below, the defendant’s motion is denied.
Background
The facts, viewed in the light most favorable to the plaintiffs as the nonmoving party, are as follows.
Plaintiff Bette Sobotka (the plaintiff) was employed as an auditor at defendant Westfield Savings Bank (Westfield Savings) from approximately October 5, 1987 to January 15, 1992. Before her termination, the plaintiff alleges that she was subjected to a hostile work environment and received unwelcomed sexual advances, comments and physical contact from defendant Gary Petersen (Petersen) and defendant David Chase (Chase). Chase was employed by Westfield Savings as a loan officer.
On or about January 15, 1992, the plaintiff was terminated. On July 14, 1992, the plaintiff filed a complaint of discrimination with the Massachusetts Commission Against Discrimination (MCAD), naming Westfield Savings as the respondent. In the charge, the plaintiff alleged that Westfield Savings and its upper level management discriminated against her on the basis of sex. Neither Chase nor Petersen were specifically named in the charge. Westfield Savings responded to the charge of discrimination by requesting a more definitive statement. The plaintiff set forth her allegations in a letter dated September 23, 1992, and mentioned that Chase was a source of discriminatory conduct. In response, Westfield Savings, by letter dated October 16, 1992, averred that Petersen and Chase denied each and every allegation of harassment outlined in the plaintiffs September 23rd letter.
In March, 1993, the plaintiff filed this action naming Chase as a defendant.
Discussion
Summary judgment shall be granted where there are no genuine issues of material fact in dispute and *347 the moving party is entitled to judgment as a matter of law. Good v. Commissioner of Correction, 417 Mass. 329, 332 (1994): Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991); Mass.R.Civ. P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of any triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not have the burden of proof at trial, this burden may be satisfied by either submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating “that the party opposing the motion has no reasonable expectation of proving an essential element of that parly’s case.” Kourouvacilis, supra at 716. Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact to defeat the motion. Pederson, supra at 17. All facts and inferences are viewed in the light most favorable to the nonmoving party and any doubt as to the existence of a genuine issue of material fact is resolved against the party moving for summary judgment. Correllas v. Viveiros, 410 Mass. 314, 316-317 (1991) (citations omitted); G.S. Enterprises. Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991) (citations omitted).
Chase filed a motion seeking summary judgment on all counts against him. As Counts III, VII, XII and XIII have been dismissed by stipulation of the parties, they need not be considered.[3] Chase argues that he is entitled to summary judgment on the remaining counts (I, II, X) because (1) by failing to name him in the MCAD charge of discrimination, the plaintiff failed to satisfy the prerequisites of G.L.c. 151B for bringing suit against him; and (2) G.L.c. 151B provides the exclusive remedy for sexual harassment employment suits and thereby bars both an action under G.L.c. 214, §1C and under the theory of intentional interference with advantageous economic or contractual relations.
1.Count I: M.G.L.c. 15 IB — sex discrimination.
The defendant argues that because he was neither specifically named in nor served with the MCAD charge of discrimination, the plaintiff failed to satisfy the prerequisites of G.L.c. 151B to bring a civil action against him for sex discrimination. The MCAD “complaint shall contain: appropriate identification of the Complainant(s) and the person(s) alleged to have committed unlawful discriminatory acts (. . . the Respóndenos)).” 804 C.M.R. 1.03(4). The purpose of the filing requirement is to give notice to the defendant of a potential suit. Conroy v. Boston Edison Co., 758 F.Supp. 54, 57 (D.Mass. 1991). 804 C.M.R. 1.03(7) requires the respondent to file a signed and affirmed answer setting forth his position as to the allegations of the charge. An employer may be liable for sexual harassment of supervisors and, if the employer is aware of the conduct, of employees.
Taking the facts in the light most favorable to the plaintiff, a genuine issue of material fact exists as to whether Chase is “upper level management.” Pederson v. Time, Inc., supra at 16-17; Correllas v. Viveiros, supra at 316-317; G.S. Enterprises Inc. v. Falmouth Marine Inc., supra at 263. Chase held the position of loan officer and the plaintiff contends that this a position of “upper level management.” If the plaintiff is correct, the MCAD charge of discrimination received by Westfield Savings served as constructive notice to Chase of the plaintiffs allegations and of potential legal action. Summary judgment is denied as to this count.
2. Count II: M.G.L.c. 214. §1(C) — sexual harassment.
The defendant contends that G.L.c. 151B provides the exclusive remedy for suits arising from sex discrimination in employment and that an action arising from the same core of facts cannot be maintained under G.L.c. 214, §1(C).[4] General Laws chapter 214, §1C grants all persons the right to be free from sexual harassment as defined in G.L.c. 151B and grants jurisdiction to the superior court to enforce this right. I adopt the reasoning as expressed in Sobotka v. Westfield Savings Bank, Civil No. 93-332 (Hampden Sup.Ct., April 21, 1994) (Murphy, J.), Memorandum of Decision and Order on Defendant Petersen’s Motion for Summary Judgment at 7 [2 Mass. L. Rptr. 193]:
The express language ... [of c. 214, §1C]... grants sexual harassment victims direct access to the superior court apart from the procedures of c. 15 IB. Had the legislature intended victims of sexual harassment in the employment context to only proceed in accordance with c. 15 IB, it could have said so explicitly.
The fact that c. 214, §1C specifically incorporates c. 15 IB’s definition of sexual harassment suggests that the legislature intended that a c. 214, §1C claim could exist along with a c. 151B claim. M.G.L.c. 214, §1C. See also Heins, Massachusetts Civil Rights Law, 76 Mass.L.Rev. 26, 34 (1991); Henry v. New England Telephone and Telegraph Co., Civil No. 92-4192 (Suffolk Sup.Ct., May 5, 1993, Flannery, J.).
3. Count X: intentional interference with advantageous economic or contractual
relations.
Massachusetts has long permitted torts based on existing, common law grounds to survive as separate causes of actions when brought with statutory claims. The tort of intentional interference with advantageous economic or contractual relations was recognized long before c. 15 IB was enacted and can be brought simultaneously with a c. 15 IB claim. See Comey v. Hill, 387 Mass. 11, 20 (1982).
*348 Order
For the above reasons, it is ORDERED that defendant David Chase’s motion for summary judgment be DENIED.

Editor’s Note: For an earlier opinión in this case see 2 Mass. L. Rptr. No. 10, 193 (July 11, 1994).

See Stipulation of Dismissal of Counts III, VII, XII andXHI of Complaint, filed with this court on November 2, 1994.

Bergeson v. Franchi, 783 F.Supp. 713 (D.Mass. 1992), and Mouradian v. General Electric Co., 23 Mass.App.Ct. 538 (1987), where the courts determined that, based on the language of c. 12, c. 12, §11H and 111 claims were barred when accompanied by and arising from the same core of facts as a c. 15 IB count, are not persuasive. Language similar to that of c. 12, upon which the finding of exclusivity of c. 15 IB rests, is absent in c. 214, §1C. Accordingly, I cannot read c. 214, §1C and c. 151B to prohibit c. 214, §1C sex harassment claims in the employment context.