Graham, J.
This action arises out of a claim of sexual harassment filed by the plaintiff, Vicki Leclerc (“Leclerc”) against her former employer, Interstate Distributors, Inc. (“Interstate”); William Anderson (“Anderson”), a co-employee who allegedly harassed the plaintiff; and Michael Doyle and Lisa Whitney, employees of Interstate who maintain management positions and allegedly failed to take effective measures to relieve the plaintiffs harassment. Defendants’ Interstate, Doyle and Whitney are presently moving to dismiss Counts I, II, IV, V, VI.
Based upon the foregoing, the defendants’ motion to dismiss counts I (Sexual Discrimination), II (Retaliation), V (Violation of G.L.c. 214, §1C), and VI (Aiding and Abetting in Sexual Harassment and Retaliation) are DENIED. Defendants’ motion to dismiss count IV (Negligent Hiring, Retention and/or Supervision) is ALLOWED.
BACKGROUND
Interstate Distributors is a business located in Quincy, Massachusetts. Between August 1995 and August 1996, the plaintiff was employed by Interstate as an assistant supervisor and supervisor. During this period, Lisa Whitney was employed by Interstate as a Human Resource Administrator and Michael Doyle was employed as a manager at Interstate. At all relevant times to this action, the plaintiffs immediate supervisor was William Anderson.
During the fall of 1995, the plaintiff alleges that Anderson began making unwelcomed sexually harassing and offensive comments towards her. The plaintiff contends that Anderson also began a pattern of unwelcomed sexual advances toward her. This conduct occurred in the presence of other employees of Interstate. The plaintiff asserts that she unsuccessfully ordered Anderson to refrain from such behavior.
In Januaiy 1996, Leclerc alleges that Anderson’s behavior escalated and encompassed: comments regarding actresses’ breasts; placing pornographic magazines on the tieline upon which Leclerc worked; instructing .Leclerc to keep her door unlocked so he could catch her in the shower; commenting that the plaintiff should use a broomstick in a sexual manner; and commenting that Leclerc had tendinitis from “jerking off’ her flaneé too much. Additional incidents of harassment included gifts from Anderson, including a Valentine’s Day card and two bottles of perfume.
During the spring of 1996, Leclerc complained of Anderson’s conduct to Doyle and Whitney. The plaintiff contends that Doyle advised Anderson and Leclerc to resolve the matter amongst themselves. The plaintiff alleges that the defendants failed to adequately investigate the situation and failed to take adequate steps to address and rectify the problem.
On July 23, 1996, Leclerc left Interstate’s employ. The parties dispute whether her employment was terminated or whether she resigned. Subsequent to leaving Interstate, Leclerc applied for and received unemployment compensation.
The plaintiff filed a complaint against Interstate alleging harassment with the Massachusetts Commission against Discrimination (“MCAD”) within the statutory six month period. The plaintiff has chosen to remove her action from the MCAD and has filed this action in the Superior Court.
DISCUSSION A. Standard of Review
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must determine whether the complaint states a claim upon which relief can be granted. The court must take the allegations of the complaint, as well as any inferences which can be drawn from those allegations in the plaintiffs favor, as true. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-6 (1957); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
B. Viability of G.L.c. 214, §1C Claim
The defendants contend that the plaintiff is barred from bringing an action under G.L.c. 214, §1C. The defendants argue that such claim is barred by the exclusivity provision of G.L.c. 151B. The court is not persuaded by the defendants’ argument. In Green v. Wyman-Gordon, Co., 422 Mass. 551 (1996), the court dealt with this exact issue. Id. at 554-58. In Green, the plaintiff failed to file an action with the MCAD within the statutory six month time period required by G.L.c. 151B. Id. at 554. The plaintiff argued that her failure did not preclude her from bringing an action in Superior Court under G.L.c. 214, §1C. Id. The court disagreed, refusing to create a remedy for employment discrimination which would allow claimants to avoid the procedural prerequisites of G.L.c. 151B. Id. at 555. The court noted that G.L.c. 214, § 1C provides Superior Court with jurisdiction of all sexual harassment claims brought because either: 1) the employer was not covered by G.L.c. 151B or 2) the claimant has satisfied the procedural prerequisites for a G.L.c. 15 IB claim and has chosen to pursue the case in court. Id. at 557. Thus, parties are precluded from bringing an action under G.L.c. 214, §1C if they failed to meet the procedural requirement of filing a claim with the MCAD pursuant to G.L.c. 15 IB. If a claimant has met this procedural requirement, she is able to pursue a claim under G.L.c. 151B and G.L.c. 214, §1C in Superior Court.
In the present matter, the court is satisfied that the plaintiff followed the procedural requirements of *656 G.L.c. 15 IB by filing a claim at the MCAD within the statutory time period. Accordingly, the plaintiff is presently free to pursue a claim for sexual harassment under G.L.c. 214, §1C.
C.Exclusivity Statutory Provisions Barring Negligence Claims
The defendant asserts that the plaintiffs claims for negligent hiring, retention, and supervision are barred by the exclusivity provisions of the Massachusetts Workers’ Compensation Act and the Massachusetts employment discrimination laws. The Supreme Judicial Court has held that common law claims are barred by the exclusivity provision of the Workers’ Compensation Act where “the plaintiff is shown to be an employee; his condition is shown to be personal injury within the meaning of the Workers’ Compensation Act; and the injury is shown to have arisen in the course of employment." Foley v. Polaroid, 381 Mass. 545, 548-49 (1980). It does not matter if the injury was caused by a fellow employee since the injury is still compensable under the Workers’ Compensation Act. Green v. Wyman-Gordon Co., 422 Mass. 551, 558 (1996).
Courts have repeatedly held that claims of negligence arising out of a personnel action are barred by the Workers’ Compensation Act. In Catalano v. First Essex Savings Bank, 37 Mass.App.Ct. 377 (1994), the plaintiffs complaint alleged that her emotional disability arose out of a daily campaign of harassment by her fellow employee which was brought to her employer’s attention without action being taken. Id. at 381. The court concluded that the claim was compensable under the Workers’ Compensation Act and thus properly dismissed under the exclusivity clause of the Workers’ Compensation Act. Id.; see also Green v. Wyman-Gordon, supra, 422 Mass. at 561 (negligence claims arising from alleged sexual harassment in workplace barred by Workers’ Compensation Act).
Based upon the foregoing, the plaintiffs claims of negligent hiring, retention and supervision are barred by the Workers’ Compensation Act. Since the plaintiffs negligence claims must be dismissed under the Workers’ Compensation Act, the court need not consider whether such claims would be barred by the exclusivity provision of Massachusetts employment discrimination laws.
D.Viability of Individual Claims against Doyle and Whitney
In the plaintiffs complaint, she asserts a claim against Doyle and Whitney in their individual capacities for violation of G.L.c. 15 IB. The defendants move to dismiss this count on procedural grounds, specifically the plaintiffs failure to name these individuals in the MCAD complaint.
In Chapin v. University of Massachusetts, Lowell, 977 F.Sup. 72 (D.Mass. 1997), the court addressed the issue of sufficiency of party identification in a complaint filed with the MCAD to sustain a subsequent civil action against the party. Id. at 76. The court recognized that the Massachusetts Supreme Judicial Court would hold that failure to name a party as a respondent in a charge filed with the MCAD does not preclude a later civil action against that party. Id. The court examines whether the conduct of the party was placed at issue by the charge and whether the party had notice of and an opportunity to conciliate the charge. Id., citing Chatman v. Gentle-Dental Center of Waltham, et al. 973 F.Supp. 228, 235 (D.Mass. 1997); see also Brunson v. Wall, 405 Mass. 446, 451 (1989) (action cannot be sustained against individual whose conduct was at issue but who was not named in MCAD complaint where MCAD decision was given preclusoiy effect to bar action in Superior Court).
In the present case, it is clear that the conduct of Doyle and Whitney as members of the management of Interstate was placed at issue. The complaint filed at the MCAD specifically references the complainant’s meeting with Interstate’s management to discuss the alleged sexual harassment. Moreover, in Interstate’s response to the MCAD complaint, Whitney and Doyle were individually named as managers who conducted an investigation of the alleged harassment. The respondent’s answer detailed Whitney’s continued involvement in the allegations including her encouragement towards the complainant to return to work.
In Chapin, the court held that the chief of the university’s police department who was not individually named in the MCAD complaint was a proper party in a civil suit subsequently filed. Chapin v. University of Mass., Lowell,, supra, 977 F.Sup. at 77. The court reasoned that the chief was significantly involved in the preparation of the university’s response to the MCAD complaint and therefore had knowledge and involvement in the MCAD investigation and an opportunity during the investigation to conciliate the claims made by the plaintiff. Id. Similarly, in the case at bar, it can properly be inferred that Whitney and Doyle assisted in Interstate’s response to the MCAD complaint. References to Doyle and Whitney’s investigation of the alleged harassment in the response suggest their notice of the complaint. Accordingly, the court is satisfied that both Doyle and Whitney were sufficiently notified of the charge and had ample opportunity to conciliate the charge. Therefore, a request for dismissal of Doyle and Whitney in the present action is not proper.
E.Sufficiency of Retaliation Claim
The defendants move to dismiss the retaliation claim filed by the plaintiff on the basis that she has not demonstrated that Interstate engaged in adverse employment action or that she was subject to retaliation under G.L.c. 151B. The retaliation provision under the Massachusetts Anti-Discrimination Statute protects those who have opposed any practice forbidden under G.L.c. 151B and those who file complaints *657 or assist in any proceedings before the MCAD. G.L.c. 151B, §4. The defendants assert that the plaintiff cannot prove either that any employee of Interstate took adverse action against her or that she complained to authority regarding conduct prohibited by G.L.c. 15 IB. The plaintiffs complaint alleges that on various occasions, she explained to Anderson, her immediate supervisor, that she found his conduct offensive. The complaint further alleges that, in the Spring of 1996, she complained to management personnel of Interstate regarding Anderson’s harassing behavior. It does not appear beyond doubt that the plaintiff cannot prove any set of facts in support of her claim. Nader v. Citron, supra, 372 Mass. at 98. The courtis satisfied that the plaintiff has alleged facts sufficient to maintain a claim for retaliation. Accordingly, dismissal of this claim is not proper.
ORDER
Based upon the foregoing, the defendants’ motion to dismiss counts I (Sexual Discrimination), II (Retaliation), V (Violation of G.L.c. 214, §1C), and VI(Aiding and Abetting in Sexual Harassment and Retaliation) are DENIED. Defendants’ motion to dismiss count IV (Negligent Hiring, Retention and/or Supervision) is ALLOWED.