Rouse, J.
INTRODUCTION
The plaintiff, Stephanie Mitchell, brought this action against her former employer, New England Home for Little Wanderers (Home), and individual employees, Alan Berns, Spencer Moore, and Peter Woodbury, claiming damages for sex discrimination, retaliation, breach of contract, and tortious interference with employment relations. The matter is now before the court on the individual defendants’ motion for summary judgment, which contends that the counts pertaining to sex discrimination (Count II) and retaliation (Count III) are barred because the plaintiff failed to name them in the Massachusetts Commission Against Discrimination (MCAD) complaint and, additionally, as to Moore, are untimely. The motion also contends that the tortious interference with employment relations charge (Count V) is time banred as to all individual defendants. For the following reasons, the defendants’ motion for summary judgment is ALLOWED in part and DENIED in part.
BACKGROUND
The plaintiff, Stephanie Mitchell, was employed at the Home in various positions from 1978 until October 5, 1995 when she claims she was terminated because of her sex. On March 28, 1996 the plaintiff filed a complaint with the MCAD. The document entitled “Charge of Discrimination — Massachusetts Commission Against Discrimination and EEOC” is a complaint form with five sections. The relevant information, for this motion, provided by the plaintiff was that she was discriminated against on the basis of sex on October 5, 1995, and that the name of “the employer, labor organization, employment agency, or state/local government agency” who discriminated against her was “N.E. Home for Little Wand.” Under the section headed “the particulars are:,” the plaintiff filled in the following:
I charge New England Home for Little Wanderers with unlawful discrimination in employment on the *253 basis of my sex (female) and in retaliation in violation of the MGL 151B Section 4, paragraphs 1, P4.
I was employed at the agency for 17 yrs & served as Director of Community Service during my last two years with the organization. In May 95 a male who had been working at the Home for about a year was promoted to a position comparable to mine & was offered a higher salary than mine. I became very upset because throughout the 2 years in my position I had approached Spencer Moore, Executive Dir. about the salary discrepancies between myself & another male coworker in a similar position. He indicated that he did not have enough money in the budget & would address the issue as soon as possible. In May 95 I wrote a memo to Mr. Moore & brought to his attention that I believed sex discrimination was a factor in the situation. Since then I was excluded from meetings, transferred to a smaller office & my authority was constantly undermined. I was promoted to Acting Dir. in Sept. 1995. A week later I was suspended with pay for two weeks & banned from premises. I was terminated on Oct, 5, 95 & replaced by a male with less experience & who did not meet the minimum requirements for the position. I believe the agency applies a double standard to male & female employees. I believe I was wrongfully terminated because I am a woman and in retaliation for complaining about the discrepancies in the organization.
The MCAD served the Home with the complaint, requesting a response within twenty-one days, as mandated by 804 Code Mass. Regs. §1.03(6)(b).[2] On May 6, 1996, the Home filed a response. On June 27, 1996, the plaintiff filed a rebuttal to this response naming the individual defendants, among others, in the heading of the document. In July of 1996, the Home filed a reply brief objecting to, among others things, the improperly named individual defendants. On August 19, 1996 the Home wrote a “follow up” letter to MCAD, inquiring as to whether the individual defendants were improperly named. On September 5, 1996 the plaintiff filed a response brief to the Home’s July 1996 brief and a motion to amend charges to name the individual defendants. On December 3,1996 the Home filed an opposition brief. The MCAD took no action on the plaintiffs motion to amend complaint. The next communication from the MCAD was an issuance of Dismissal and Notice of Rights on December 30, 1996. The case heading for the dismissal was “Mitchell v. The New England Home for Littel (sic) Wanderers." The dismissal form indicated that the Commission could not “conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.”
DISCUSSION
The individual defendants have moved to dismiss for failure to state a claim upon which relief can be granted, or, in the alternative, for summary judgment. Both parties have submitted matters outside of the pleadings, and therefore, defendants’ motion shall be treated as one for summary judgment. Mass.R.Civ.P. 12(b), Mass.R.Civ.P. 56(c).
Summary judgment is granted where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine dispute of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of the claim at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson, 404 Mass. at 17.
COUNTS II & III
The individual defendants claim that, because the plaintiff failed to identify them in her MCAD complaint as persons who discriminated against her, she can not properly name them as defendants in this action. The statutory scheme of G.L.c. 151B indicates that there are two largely independent avenues for redress of violations of the anti-discrimination laws of the Commonwealth, one through the MCAD and the other in the courts. Christo v. Edward G. Boyle Ins. Agency, Inc., 402 Mass. 815, 817 (1988). Resort to judicial process is not available to a party claiming discrimination unless that parly has first lodged a complaint of unlawful discrimination with the MCAD within six months of the occurrence of the discriminatory event. Tarandico v. Aetna Life & Cas. Co., 41 Mass.App.Ct. 443, 444 (1996). If the complainant wants judicial determination of his/her grievance, s/he may appeal the MCAD’s determination, if one has occurred, or may bring the matter to a court ninety days after filing the claim with the MCAD, or sooner if the MCAD gives permission. See id. at 445.
A MCAD complaint must contain appropriate identification of the person(s) alleged to have committed unlawful discriminatory acts and a concise statement of those acts. G.L c. 151B §5, first par. 804 Code Mass. *254 Regs. §1.03(4)(a) (1986).[3] Although the failure to name a party in a MCAD charge has been ruled to bar a plaintiff from later maintaining a G.L.c. 15 IB claim against that party in court, Powers v. H.B. Smith Company, 42 Mass.App.Ct. 657, 667 (1997), no Massachusetts appellate court has definitely decided that failure to name a party in the MCAD complaint precludes a later court action against the unnamed party without exception. King v. First, 46 Mass.App.Ct. 372, 373-74 (1999); see also Chatman v. Gentle Dental Center of Waltham, 973 F.Supp. 228, 233 (D.Mass. 1997). I, therefore, consider whether the statutory obj ectives were served under the circumstances of this case, such to allow the plaintiff to sue the individual defendants.
The purpose of the filing requirements for a proper MCAD charge are to provide a respondent with notice of the charges and an opportunity to conciliate them. See e.g. Chapin v. University of Massachusetts at Lowell, 977 F.Supp. 72, 76-77 (D.Mass. 1997); Chatman, supra at 233; King, supra at 375. A charge that puts a party’s conduct at issue and provides them with notice and an opportunity to participate in the MCAD proceeding permits that party to be named as defendant in a later G.L.c. 151B claim in court. See Chapin, supra at 76-77 (plaintiffs identification of “management or other officials overseeing the Police Department” was adequate to put the chief of police’s conduct at issue, and, combined with evidence of notice and an opportunity to conciliate, enough to let G.L.c. 151B claim commence in court); Cf. Chatman, supra at 232-34 (plaintiffs identification of the “supervisors/partners” of the company she worked for, along with detailed allegations of their conduct, was enough to put their conduct at issue, but lack of evidence of notice and an opportunity to conciliate fatal to G.L.c. 15IB claim).
The determination of whether the plaintiff may properly name the individual defendants in this action begins with the charge of discrimination document, otherwise known as the MCAD complaint. See Powers, supra at 667. None of the individual defendants was named in the third section of the form, which asks for the identity of those who discriminated against the plaintiff. The plaintiff named only “N.E. Home for Little Wand” in this section. The complaint as a whole, see Chatman, supra at 234, does not assist the plaintiffs position. The “particulars” section does not reference either Berns or Woodbury by name. The charge of discrimination, therefore, did not put either Berns or Woodbury’s conduct at issue and did not afford them notice of or an opportunity to conciliate the claims against them.
The “particulars” section of the complaint does mention Moore by name twice and identifies him as “Executive Dir.” of the Home. The plaintiff averred in the complaint that she approached Moore regarding salary discrepancies and that he said that he did not have enough money in the budget. The plaintiff further maintained that she wrote a memo to Moore, stating that she “believed sex discrimination was a factor in the situation,” and that, therefore, she was excluded from meetings, transferred to a smaller office, and that her authority was undermined. The complaint ends with the plaintiffs belief that she was wrongfully terminated because of her sex and in retaliation for complaining about the discrepancies. The charge of discrimination alleges that Moore was the person to whom the plaintiff complained about salary discrepancies, and that Moore retaliated against her because of her complaints. Therefore, the charge of discrimination, when read as a whole, puts Moore’s conduct at issue. See Chatman, supra at 233-34.
The next inquiry is whether Moore received notice and an opportunity to conciliate the charges. See Chapin, supra at 77. The plaintiff alleges that Moore participated in the proceedings before the MCAD, through counsel, and that he attempted to “resolve this matter” before, during and after the MCAD investigation. The plaintiff has produced no evidence of this contention. There is also no merit to her contention that, in the Home’s July 1996 reply brief, “counsel denied any wrongdoing on behalf of each NEHLW, including the individual Defendants.” A direct denial of MCAD charges has been found to be an indication of notice and an opportunity to conciliate. See Chapin, supra at 77-78, quoting Sobotka v. Westfield Savings Bank, 3 Mass. L. Rptr. 346, 1994 WL 879775 at 3 (Mass. Super. April 21, 1994) (evidence that bank comptroller, not named as respondent in charge filed with MCAD, corresponded with MCAD to deny allegations made against him was evidence that comptroller had notice of and took part in conciliation process at the MCAD). The July 1996 reply brief was filed on behalf of the Home, the only respondent the MCAD recognized and notified. Although Moore’s name is mentioned in the brief, there is no denial of wrongdoing on his behalf. In fact, there is no indication anywhere in the record that Moore ever contacted the MCAD regarding any of the plaintiffs charges.
In fact, Moore was no longer an employee of the Home at the time the Home was notified of the March 28, 1996 charge of discrimination pursuant to 804 Code Mass. Regs. §1.03(6)(b), and only the Home had notice of the charges and an opportunity to conciliate. See Chatman, supra at 233. The summary judgment record does not reveal information sufficient to support a reasonable inference that Moore had knowledge of the MCAD Charge. See Chapin, supra at 77 (fact that MCAD relied for its findings on a report prepared by the defendant supported inference that he had knowledge of the charges). Therefore, the MCAD complaint left Moore with no notice of the charges against him and no opportunity to conciliate. The plaintiff is, therefore, barred from naming Moore, Berns, or Woodbury *255 as defendants in this G.L.c. 15 IB complaint. There is, therefore, no need to address the timeliness of the MCAD complaint as to Moore. The motion of Alan Berns, Spencer Moore and Peter Woodbury’s for summary judgment as to Counts II and III of the complaint is ALLOWED.
COUNTV
The individual defendants contend that CountV of the complaint, tortious interference with advantageous employment relations, is time barred. They contend that, because the plaintiff was suspended on September 25, 1995, the alleged discriminatory actions must have occurred before that date; and because the plaintiff did not file this action until September 28, 1998, the claim is time barred by the three year statutory limit for tort actions as set out in G.L.c. 260 §2A. Additionally, Moore argues that, because he was terminated on September 15, 1995, he was not able to interfere with the plaintiffs employment relationship after this date.
In general, a cause of action in tort accrues when the plaintiff receives notice that s/he has suffered injury as a result of the defendant’s conduct. See Pagliuca v. City of Boston, 35 Mass.App.Ct. 820, 824 (1994). The plaintiff received notice of her injury, in this case, termination, on October 5, 1995. She filed the action on September 28, 1998, within the statutory three year period as to all individual defendants. The fact that Moore was no longer employed at the Home at the time of the plaintiffs termination does not affect when the cause of action arose. The allegations are sufficient to make out a claim against him on this count. Therefore, the action in Count V was timely filed as to all individual defendants. See Joseph A. Fortin Const, Inc. v. Massachusetts Housing Finance Agency, 392 Mass. 440, 442 (1984) (determination as to when the three year period of limitations for tort actions begins to run is for the court to make). For these reasons, Alan Berns, Spencer Moore and Peter Woodbury’s motion for summary judgment as to Count V of the complaint is DENIED.
ORDER
For the foregoing reasons, it is hereby ORDERED that the motion for summary judgement of defendants Alan Berns, Spencer Moore and Peter Woodbury is ALLOWED as to Counts II and III, and DENIED as to Count V.

 804 Code Mass. Regs. §1.03(6)(b) provides, in pertinent part, “Upon the filing of a complaint, a copy of the complaint and a written notice advising the Respondent < f his or her procedural rights and obligations shall be promptly served on the Respondent. .

 804 Code Mass. Regs. §1.03(4) reads, in pertinent part,
(4) Content. The complaint shall contain:
(a) appropriate identification of the Complainant(s) and the person(s) alleged to have committed unlawful discriminatory acts (hereinafter referred to as the Respondent(s));
(b) the date(s) on which such unlawful discriminatory acts occurred; or where such acts are of a continuing nature, the period of time during which acts occurred;
(c) a concise statement of the alleged discriminatory acts