MacLeod-Mancuso, Bonnie H., J.

INTRODUCTION

The plaintiff, David Swenson (“Swenson”), brought this action against the defendants, Buffalo Lodging Associates, LLC (“BLA”), Buffalo-Marlboro Associates, LLC (“BMA”), and Ronald Kendall (“Kendall”). Swenson alleges that all defendants’ conduct constitutes age discrimination in employment under G.L.c. 151B, §4 (count one). As for the claim of tortious interference (count two) Swenson alleges that the defendant Kendall interfered with an advantageous employment relationship he had with BLA and BMA. This matter is now before the Court on defendant Kendall’s motion to dismiss. For the reasons set forth below, as to count one the defendant’s motion to dismiss is ALLOWED, and as to count two the defendant’s motion to dismiss is DENIED.

MOTION TO DISMISS RECORD

The record discloses the following undisputed facts:
Swenson was employed by BMA as the director of sales for the Hampton Inn, located in Marlborough, Massachusetts (the “hotel”). While BMA owns and operates the hotel, there is some dispute as to what relationship exists between BLA and the hotel. For purposes of this motion it is sufficient to note that, at the least, BLA provides management services to this hotel.
At the time his employment began with the hotel in January 1999, Swenson was fifty-eight years old. In December 2001, Howard Hinton (“Hinton”) was hired as the hotel’s vice president of sales and marketing and he reported to Kendall, the President of BLA. On Februaiy 5, 2002, Swenson was given a written warning. For reasons that need not be considered for this motion, Swenson resigned from employment effective Februaiy 28, 2002. At the time his resignation was accepted Swenson was sixty-one years old.
On August 5,2002, Swenson filed a charge with the Massachusetts Commission Against Discrimination (“MCAD”) alleging BLA discriminated against him based upon his age. The charge did not name any individuals as additional respondents. Kendall’s name was included only as the President of BLA. Further, the body of the charge identified only one individual, Hinton, as participating in the discriminatory behavior. On March 21, 2003, Swenson filed a motion to amend his complaint to add BLA as a party respondent, based upon that entity’s status as his true former employer, and to add Hinton as a party respondent, based upon his alleged status as the “primaiy actor in the age discrimination that occurred.” At no time did Swenson attempt to include Kendall as an additional party respondent and on October 14, 2004, Swenson withdrew that part of his pending motion to amend which sought to add Hinton as an additional party respondent. The MCAD never acted on Swenson’s motion to amend the complaint. On December 10, 2004, the MCAD issued a lack of probable cause finding regarding Swenson’s discrimination claim. On December 15, 2004, Swenson appealed the MCAD’s finding. The MCAD never ruled on Swenson’s appeal.
On January 3, 2005, Swenson filed a complaint with this Court and also filed a notification of withdrawal from the MCAD on January 28, 2005. The complaint named BLA, BMA, and Kendall as defendants.

DISCUSSION

I. Standard of Review
In reviewing a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(1) or 12(b)(6), all of the allegations in the plaintiffs complaints are taken as true and the Court draws all reasonable inferences therefrom in favor of the plaintiff. Marram v. Kobrick Offshore Fund Ltd., 442 Mass. 43, 45 (2004) (citing Blank v. Chelmsford Ob/Gyn., P.C., 420 Mass. 404, 407 (1995)). A complaint shall not be dismissed for failure to state a claim “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Nader v. Citron, *40 372 Mass. 96, 98 (1977). Massachusetts is a notice pleading state, hence, the plaintiffs burden is minimal, requiring only sufficient information to identify the claims and the plaintiffs entitlement to relief. See Mass.R.Civ.P. 8(a)(1); see also Bell v. Mazza, 394 Mass. 176, 184 (1985).
II. Swenson’s age discrimination claim (count one) against Kendall
At the time Swenson resigned from his job, “Massachusetts law required] that a discrimination action under G.L.c. 15 IB be preceded by a charge filed with the MCAD within six months of the discriminatory conduct.” Cuddi v. Gallery Gift Shoppes, 2003 WL 22700536 (Mass.Super.).[1] (17 Mass. L. Rptr. 65) Since the defendants could not have discriminated against Swenson after his employment was severed, the latest he could have met the statutory deadline of filing with the MCAD was August 28, 2002. G.L.c. 15 IB, §5 requires a plaintiff, as a prerequisite to filing an action in Superior Court for discrimination, to name a party in an MCAD action. Sereni v. Star Sportswear Mfg. Corp., 24 Mass.App.Ct. 428, 429-30 (1987), The requirement that a Superior Court action alleging discrimination under G.L.c. 15IB be preceded by a complaint filed with the MCAD “has a dual purpose. First, it is meant to provide the agency with an opportunity to investigate and conciliate the claim of discrimination. Second, the filing requirement provides notice to the defendant of a potential suit.” Carter v. Comm’r of Corr., 43 Mass.App.Ct. 212, 217 (1997) (quoting Conroy v. Boston Edison Co., 758 F.Sup. 54, 57 (Mass.Dist.Ct. 1991)).
Other than listing Kendall as the President of the company, Swenson failed to name him as a respondent or allege that he in any way discriminated against Swenson. Thus, Kendall was not put on notice that he might be the subject of a potential suit and there was no opportunity to conciliate the claim of discrimination based on any alleged conduct by him.
Plaintiffs counsel cited eleven cases that he asserts stand for the proposition “that a plaintiff [is] entitled to name an additional party when filing suit in Superior Court, even if the additional party was not named in the MCAD charge . . . where there was a close relationship between the named party and the unnamed party . . .” Plaintiffs Opposition to Defendant’s Motion to Dismiss, at 5-6. Assuming that Superior Court decisions constitute binding precedent on other Superior Court Judges, all of these cases can be distinguished from the present case.
In the majority of the cases cited, the plaintiff filed a charge with the MCAD within the statutory period but failed to formally name a party that was later named in a Superior Court action. In those decisions the courts decided that this was not fatal to the plaintiffs Superior court action where the MCAD charge specifically identified the unnamed party as the wrongdoer within the body of the claim.
In Femino v. Data Tech., Inc., the plaintiff failed to formally name his supervisor, Wayne Heath, in the heading but in the “Particulars” section specifically identified Heath as the person who harassed him. 2001 WL 1809807 at *2 (Mass.Super.) (14 Mass. L. Rptr. 273). Similarly, in Pardo v. General Hosp. Corp., the plaintiff failed to name Wang and Suit in the MCAD filing but in the “charge, described in detail the alleged discriminatory actions of Wang and Suit.” 2001 WL 1772030 at *3 (Mass.Super.) (12 Mass. L. Rptr. 459, 13 Mass. L. Rptr. 544). Moreover, Wang and Suit had the opportunity to participate and the plaintiff alleges that they did so participate. Id. Equally, in Avitable v. W.M. Gulliksen Mfg. Co., Inc.,. Claeys was not named in the MCAD complaint but was named in the “particulars” portion of the complaint. 2001 WL 175520 at *2 (Mass.Super.) (12 Mass. L. Rptr. 653). Likewise in Fuer v. Congregation of Sisters of St. Joseph of Boston, Inc., the plaintiff failed to name Lantz in the MCAD complaint but did identify him in the allegations set forth in the complaint. 1999 WL 1319000 at *4 (Mass.Super.). Further, he was subject to an internal investigation by Sisters of St. Joseph and therefore he had notice and an opportunity to participate. Id. Similarly, in Smiley v. Acme Wholesale, Inc., not only was Dangle, the party not named in the charge, referenced throughout as the harasser, he was also a corporate officer and part owner of Acme. 7 Mass. L. Rptr. 24, 549 (Super. Ct. 1997). Drawing a reasonable inference, Dangle must have had notice and could have participated in conciliation. Id.
In Leclerc v. Interstate Distrib., Inc., only Interstate Distributors, Inc. was named as a party in the complaint filed with the MCAD. Slip op. at 6-7 (Mass.Super. Feb. 11,1998) (8 Mass. L. Rptr. 654). The court ruled that this did not preclude the plaintiff from bringing suit against Doyle and Whitney, members of the management of Interstate Distributors, Inc., where the complaint made clear that their conduct was at issue by referencing a meeting the plaintiff had with the management to discuss the alleged sexual harassment. Id. By referencing Doyle and Whitney’s investigation of the alleged harassment in the response to the MCAD charge, it is clear that both bad notice and an opportunity to conciliate. Id. In Kuketz v. MCD Fitness Corp., the plaintiff failed to name Petronelli in the MCAD charge but did specifically name Petronelli as the person who denied his application to compete in the division “A” racquetball league. 1998 WL 1119863 at *2 (Mass.Super.). Further, Petronelli had an opportunity to conciliate the claim and attended the MCAD investigative conference.
In Sobotka v. Westfield Sav. Bank, although the plaintiffs failed to name Chase in the MCAD charge, they did allege “that Westfield Savings and its upper level management discriminated against” them in the MCAD charge. 1994 WL 878814 (Mass.Super.) (2 Mass. L. Rptr. 193, 3 Mass. L. Rptr. 346). The court ruled that although Chase was not specifically named, *41 it was an issue of fact as to whether Chase was a member of upper level management and therefore the defendant’s motion for summary judgment was denied. Id.
In Weston v. Town of Middleborough, the court allowed the plaintiff to bring suit against Middleborough Gas and Electric Department (“MG&ED”) when they were not named in either of the plaintiffs MCAD complaints. 2002 WL 243197 (Mass.Sup.) (14 Mass. L. Rptr. 323). In those complaints the plaintiff named the Middleborough Gas and Electric Department Board of Commissioners (the “Board”), the Town, and Michael Stagliola. The court found that the failure to name MG&ED was not fatal to her Superior Court claim because “[t]here is a sufficient nexus between MG&ED and the Board to satisfy the court that” the unnamed party had both “notice of the charge, and they had an opportunity to participate in the defense and conciliation of the charge.” Id., at *4 n.2. Not only was MG&ED on notice, it hired an investigator to investigate the claims and was represented by the same counsel as the Board. Although in Turley v. Sec. Integration, Inc., Cannaughton was not named in the MCAD complaint, he was Chairman of the Board and a. major stockholder of Security Integration, Inc., a named party. 2001 WL 1772023 at *7 (Mass.Super.) Further, he read the charge and attended the MCAD hearing. Id. In Commonwealth v. Aron, the court concluded that the failure to name Kenwood Organization, Inc. was not fatal, where there was a strong relationship between the named parties and the unnamed party “which was sufficient to establish that the conduct of Kenwood Organization, Inc. was placed at issue in the complaint.” 2001 WL 1174153 at *4 (Mass.Super.) (13 Mass. L. Rptr. 542). The unnamed party had both notice and an opportunity to conciliate where a written response to the MCAD complaint was filed on behalf of the unnamed party. Id.
The instant case is unlike any of these cases. Swenson did not put Kendall on notice by alleging in the body of his MCAD charge that Kendall was one of the people who discriminated against him. To the contrary, the only place Kendall was mentioned in the MCAD charge was as the President of BLA, obviously for the purpose of naming someone to whom correspondence should be sent. In the “particulars” portion of the charge, the only person named as discriminating against Swenson was Hinton. Further, unlike Sobotka v. Westfield Sav. Bank, there is no issue of fact as to whether Kendall was one of the people named in the charge. Since Swenson did not allege that “management” discriminated against him, and named only Hinton specifically, there is no issue of whether Kendall was one of the individuals generally named. Additionally, Swenson has not established any nexus between Kendall and the named parly in the MCAD charge, nor has he shown that Kendall had notice or an opportunity to participate in conciliation.
Since Swenson has neither met the statutory requirement of naming a party in a MCAD charge prior to bringing an action against that party in Superior Court nor satisfied the dual purpose of the requirement (notice and opportunity to conciliate) Kendall is not a proper party to a Superior Court action. Therefore, as to Swenson’s claim of age discrimination in employment under G.L.c. 151B, §4 (count one) Kendall’s motion to dismiss is ALLOWED.
III. Swenson’s tortious interference claim (count two) against Kendall
The forgoing ruling does not preclude a tortious interference claim even though it is based on the same set of facts. Comey v. Hill, 387 Mass. 11, 19 (1982). “Although G.L.c. 151B is a comprehensive statute . . . we do not view the statute as tending to narrow or eliminate a person’s common-law rights where applicable. The statute broadens existing remedies rather than requiring resort to it as exclusive of all other remedies. Particularly in the area of age discrimination, the statute specifically states that ‘nothing contained in this chapter shall be deemed to repeal . . . any other law of the commonwealth relating to discrimination because of age.’ ” Id. For the forgoing reasons, a claim of tortious interference is not precluded because it is based on the same set of facts as a G.L.c. 151B claim where the plaintiff has failed to meet the statutory deadline for filing the latter claim.[2]
It is possible that Swenson could have never filed a G.L.c. 15IB claim with the MCAD and thus avoided the statutory requirements. His failure to file a G.L.c. 15 IB claim would not in any way have altered his common-law rights. Comey v. Hill 387 Mass. 11, 19 (1982). He would still have been able to bring a claim for tortious interference and would not have had to comply with the six-month filing deadline. Therefore, as to Swenson’s claim of tortious interference (count two) Kendall’s motion to dismiss is DENIED.

ORDER

For the foregoing reasons, it is ORDERED that as to count one (age discrimination in employment under G.L.c. 15IB, §4) the defendant Kendall’s Motion to Dismiss is ALLOWED. As to count two (tortious interference) the defendant Kendall’s Motion to Dismiss is DENIED.

 On August 7, 2002, approval to change the period from six months to 300 days was granted. The change did not take effect until November 5, 2002.

 Now is not the time to decide whether the two claims are so inextricably interwoven as to be unable to withstand a motion for summary judgment. Further, now is not the time to decide whether a tortious interference claim can stand where the person who allegedly interfered with the relationship was one of the parties involved in the relationship.