## JAMES KING vs. TIM FIRST.

No. 97-P-1255.

Suffolk. November 12, 1998. - February 23, 1999.

Present: JACOBS, PORADA, & RAPOZA, JJ.

*Anti-Discrimination Law,* Housing. *Landlord and Tenant,* Discrimination. *Practice, Civil,* Parties. *Notice,* Administrative hearing. *Civil Rights,* Availability of remedy.

A judge of the Housing Court correctly entered summary judgment for the defendant on a claim alleging a violation of G. L. c. 151B, § 4, sixth par., as in effect prior to St. 1989, c. 516, § 9, based on discriminatory conduct in the rental of residential property, where the plaintiff had failed to name the defendant landlord, or any person acting as agent of the landlord, in the prerequisite administrative action the plaintiff filed with the Massachusetts Commission Against Discrimination, as required by G. L. c. 151B, §§ 5 & 9 [374-375]; and claims based on the same facts framed as an unfair business practice and a violation of G. L. c. 93A were barred where G. L. c. 151B provided the exclusive remedy [375-376].

CIVIL ACTION commenced in the City of Boston Division of the Housing Court Department on January 31, 1990.

The case was heard by *Jeffrey M. Winik,* J., on a motion for summary judgment.

The case was submitted on briefs.

*Andrew M. Abraham* for the plaintiff.

*Matthew Mahoney* for the defendant.

PORADA, J. Upon the refusal of the defendant to rent an apartment to the plaintiff, the plaintiff filed a multi-count complaint in the Housing Court claiming that the defendant's refusal was based upon the fact that the plaintiff was black and a recipient of public assistance. In his complaint, he alleged the following claims: a violation of G. L. c. 151B, § 4, sixth par., as in effect prior to St. 1989, c. 516, § 9, based on the asserted discriminatory conduct (count one); a violation of 940 Code Mass. Regs. § 3.17 (1986) based on the asserted discriminatory conduct and

alleged defective conditions in the apartment (count two); a violation of G. L. c. 93A (count three); breach of the warranty of habitability (count four); infliction of emotional distress (count five); constructive eviction (count six); interference with quiet enjoyment (count seven); and violation of the security deposit laws (count eight). The defendant moved for summary judgment on the grounds that the plaintiff's claims were barred either because of the failure of the plaintiff to name him as a party in the complaint filed by the plaintiff with the Massachusetts Commission Against Discrimination (MCAD) concerning this matter as required by the provisions of G. L. c. 151B, § 5, or because of the inadequacy of evidence to support his claims. A Housing Court judge allowed the motion. The plaintiff appeals from the ensuing judgment, claiming that the judge erred in ruling that the complaint he filed with the MCAD against the defendant's real estate agent did not constitute compliance with the prerequisites of G. L. c. 151B, § 5, and in ruling that, as a consequence thereof, all of the plaintiff's claims were barred because his exclusive remedy for the alleged discriminatory conduct is provided by G. L. c. 151B.[1] We affirm for the reasons stated.

At the time that the plaintiff initiated this action in March, 1990, a civil action could not be brought in the Housing Court under G. L. c. 151B, § 9, unless it was preceded by the filing of a complaint of unlawful discrimination with the MCAD within six months of the occurrence of the discriminatory event.[2] G. L. c. 151B, § 5, second par., thirty-sixth sentence & § 9. The complaint must contain identification of the person(s) alleged to have committed the unlawful discriminatory act. G. L. c. 151B, § 5, first par. 804 Code Mass. Regs. § 1.03(4)(a) (1986). The failure to name a party in the complaint filed with the MCAD has been ruled to bar a plaintiff from later maintaining a G. L. c. 151B claim in court against the party. *Powers* v. *H.B. Smith*

[1]The plaintiff also claims that the judge erred in ruling that he could not recover for the intentional infliction of emotional distress absent proof of a physical injury. Our review of the record discloses no such ruling by the judge.

[2]General Laws c. 151B, § 9, was amended by St. 1991, c. 323, to permit a plaintiff alleging housing discrimination to commence a civil action in the Superior, Housing, or Probate Court within one year after the unlawful discrimination occurred without first filing a complaint with the MCAD. The alleged discrimination in this case occurred prior to the amendment of the statute.

*Co.*, 42 Mass. App. Ct. 657, 667 (1997). No Massachusetts appellate decision has yet wrestled with the question whether the failure to name a party in the complaint filed with the MCAD precludes a later court action against the unnamed party without exception. See *Chatman* v. *Gentle Dental Center of Waltham*, 973 F. Supp. 228, 233 (D. Mass. 1997).

The plaintiff argues that he is not precluded from maintaining his G. L. c. 151B claim and his related claims in the circumstances of this case. He bases his argument on the grounds that the complaint filed by him with the MCAD constituted constructive notice to the defendant because the party identified therein, the All-Bright Realty Company, was acting as the agent of the defendant in renting the apartment in question, and the identity of the defendant at the time of the filing of the MCAD complaint was unknown to the plaintiff. Because there is no Massachusetts appellate decision on point, we seek guidance from the Federal courts in their interpretation of analogous federal statutes. *College-Town, Div. of Interco, Inc.* v. *Massachusetts Commn. Against Discrimination*, 400 Mass. 156, 163 (1987). *Wheatley* v. *American Tel. & Tel. Co.*, 418 Mass. 394, 397 (1994). The Federal courts have consistently held that there are exceptions to the general rule that a party who is not named as a respondent in an administrative charge before the Equal Employment Opportunity Commission under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) (1994), is not subject to a subsequent civil action. See *McKinnon* v. *Kwong Wah Restaurant*, 83 F.3d 498, 504-505 (1st Cir. 1996); *Chatman* v. *Gentle Dental Center of Waltham*, 973 F. Supp. at 234-235. See also cases collected in Annot., When May Person Not Named As Respondent in Charge Filed With Equal Employment Opportunity Commission (EEOC) Be Sued Under Title VII of Civil Rights Act of 1964 (42 U.S.C.S. §§ 2000e et seq.), 121 A.L.R. Fed. 1 (1994). One of those exceptions is where the named party acted as an agent of the unnamed party and the unnamed party had notice of, and participated in, the conciliation proceedings. *Curran* v. *Portland Superintending Sch. Comm.*, 435 F. Supp. 1063, 1074 (D. Me. 1977). Other considerations include whether the complaining party could ascertain through reasonable efforts the role of the unnamed party in the alleged discriminatory incident; whether the interests of the named party are similar to those of the unnamed party; whether the absence of the unnamed party from the administrative proceed-

ings would result in actual prejudice to the unnamed party; and whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. See *Glus* v. *G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977). See also *McKinnon* v. *Kwong Wah Restaurant*, 83 F.3d at 505.

Assuming without deciding that these exceptions are applicable in this case, they do not operate in the plaintiff's favor. Even though there is no dispute that the All-Bright Realty Company was acting as the defendant's agent in securing a tenant for the defendant's apartment, the plaintiff has presented no evidence that, at the time that the complaint was filed with the MCAD, All-Bright Realty Company was acting as the defendant's agent or that the defendant had notice of, or participated in, the administrative proceedings. Cf. *Chatman* v. *Gentle Dental Center of Waltham*, 973 F. Supp. at 235-236. Similarly, the plaintiff has presented no evidence that he could not have learned the identity of the defendant through reasonable efforts before or after filing his complaint with the MCAD, particularly where in his answers to the defendant's interrogatories he admits speaking to the defendant over the telephone during the incident and in his MCAD complaint demonstrates an awareness of the landlord's role in this incident. Cf. *Powers* v. *H.B. Smith Co.*, 42 Mass. App. Ct. at 667. Moreover, the plaintiff has failed to demonstrate that the interests of the realty company and the defendant were similar in this proceeding or that the defendant was not prejudiced by failing to name him. In these circumstances, we conclude that the plaintiff has failed to comply with the procedural requirements of G. L. c. 151B, §§ 5 & 9. To hold otherwise would vitiate the purpose of the MCAD filing requirement to provide notice to a defendant of a potential lawsuit and to give him an opportunity to conciliate. See *Carter* v. *Commissioner of Correction*, 43 Mass. App. Ct. 212, 217 (1997). As a result, we conclude that the motion judge properly entered summary judgment on count one, which is based on a violation of G. L. c. 151B.

We also decide that so much of count two and count three, which charge unfair business practice and a violation of G. L. c. 93A based on the defendant's alleged discriminatory conduct, must also fail as a recast version of the plaintiff's claim under G. L. c. 151B, based on the principles discussed in *Charland* v.

*Muzi Motors, Inc.*, 417 Mass. 580, 582-586 (1994).[3] In the *Charland* case, the court recognized that G. L. c. 151B creates an administrative procedure for the enforcement of anti-discrimination statutes of the Commonwealth and that resort to the courts is not available for a complaint of discrimination within the jurisdiction of the MCAD unless the person claiming to have been the object of the unlawful discrimination first adheres to the requirements of G. L. c. 151B. Although the *Charland* case involved a claim of employment discrimination, the breadth of the language employed by the court suggests that it is not limited solely to employment discrimination claims. *Id.* at 585. As a result, we conclude in the circumstances of this case that the failure to name the defendant as a party in the complaint filed with the MCAD precludes the plaintiff from pursuing his claims under paragraph seventeen of count two, and count three, based on the alleged discriminatory conduct. See *Green* v. *Wyman-Gordon Co.*, 422 Mass. 551, 554-555 (1996).

We need not address whether the exclusivity provisions of G. L. c. 151B barred any other claims, because, contrary to the plaintiff's assertion, the motion judge allowed summary judgment on the plaintiff's remaining claims, paragraph eighteen of count two, and counts four through eight, solely on the ground that the plaintiff had failed to demonstrate that he had any

---

[3]Although the judge dismissed count three based on the exclusivity provisions of G. L. c. 151B, count three contained allegations not only of discriminatory conduct but also allegations in paragraphs twenty-one through twenty-four that the defendant had engaged in an unfair practice in conditioning the return of his money on a release. The judge failed to address the allegations in paragraphs twenty-one through twenty-four in his decision. Similarly, the plaintiff in his brief makes no distinction between his claim based on discriminatory conduct and his claim based on the return of his money in count three.

While we think that the allegations in count three based on the plaintiff's claim for the return of his money would not have been barred by the exclusivity provisions of G. L. c. 151B, we nevertheless believe summary judgment was warranted on those allegations on other grounds. See *Altshuler* v. *Minkus-Whalen*, 31 Mass. App. Ct. 937, 938 (1991). On the record before us, the plaintiff's vague and conclusory answers to interrogatories relating to those allegations would not suffice to rebut the specific denials of those allegations by the defendant in his affidavit. See *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991). The plaintiff was required to respond to the defendant's specific denials by setting forth verified, specific facts demonstrating a material issue of fact for trial. *Ibid.* His failure to do so bars his claim for a violation of G. L. c. 93A based on the return of his money.

reasonable expectation of proving the essential elements neces-sary to sustain those claims.[4] *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991). The plaintiff has not chal-lenged this ruling in this appeal.[5]

*Judgment affirmed.*

---

[4]The judge did rule that the plaintiff's claim for infliction of emotional distress, to the extent that it was based on discriminatory conduct, was barred by the exclusivity provisions of G. L. c. 151B. We do not need to discuss this issue, however, because he also ruled in the alternative that the plaintiff had failed to meet his burden of proving the essential elements of that claim, which ruling is not challenged in this appeal by the plaintiff, except as noted in note 1, *supra.*

[5]We need not pass upon issues not argued in the plaintiff's brief. *Missett* v. *Cardinal Cushing High Sch.*, 43 Mass. App. Ct. 5, 6 n.3 (1997), citing Mass. R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).