Fremont-Smith, J.
INTRODUCTION
Plaintiff Rosina Avitable (“Avitable”), a former employee at W.M. Gulliksen Manufacturing Company, Inc. (“Gulliksen”), brings this action alleging sexual harassment against both Gulliksen and her former supervisor, Cyril Claeys (“Claeys”).
The action comes before this Court on the defendant Claeys’ motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). Specifically, Claeys contends that Avitable’s failure to name him as a respondent in the heading of her complaint filed with the Massachusetts Commission Against Discrimination (“MCAD”), but only in the “particulars” section of that complaint, bars her claim against him in this Court. After a hearing, and for the reasons set forth below, the motion to dismiss is DENIED.
The Motion to Dismiss Standard
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the Court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them. Schaer v. Brandeis University, 432 Mass. 474, 477 (2000). In addition to the allegations in the complaint, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, may be taken into account. Id. Although courts do not accept legal conclusions cast in the form of factual allegations, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the complainant can prove no set of facts in support of his claim that would entitle him to relief, Nader v. Citron, 372 Mass. 96, 98 (1977), and should not be dismissed if it could support relief on any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
At oral argument, plaintiff agreed to dismiss with prejudice its race discrimination and G.L.c. 214, §1C claims as to each defendant. In addition, defendant Gulliksen stipulated to the Court, for Mass.R.Civ.P. 12(b)(6) purposes, that plaintiffs G.L.c. 15 IB claim for sexual harassment against Gulliksen will remain in the case. Accordingly, only the narrow issue of Claeys’ motion to dismiss for failure to name him as a respondent in the MCAD complaint remains for this Court to decide.
DISCUSSION
Plaintiff Avitable alleges that she was employed at Gulliksen for ten years, and that, throughout the term of her employment, she was subjected to demeaning, vulgar, and sexually explicit harassment on an ongoing basis by her immediate súpervisor, Cyril Claeys. This harassment interfered with her work performance, but when she complained to the president of Gulliksen, he did nothing to rectify the situation. As a result of this intimidating and demeaning work environment, Avitable was compelled to leave her employment with Gulliksen.
The MCAD complaint form used in this case is attached as Appendix A. As can be seen, it has no caption as such, but contains the following headings, which are to be filled in by the complainant. The first heading is “Name of Aggrieved Person or Organization," under which Avitable’s name and address were provided. The second heading is “Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me,” under which “W.M. Gulliksen Manufac *654 turing Company, Inc., Mr. J.R. Gulliksen” and the company’s address was provided. The next heading is “Cause of Discrimination based on:,” under which “Sex (Female)” was entered. The final heading, in bold print, is “The particulars are . . .” Under this, a detailed description of the sexual harassment was entered, specifying details of sexual harassment over a long period of time by “my supervisor, Cyril (Bucky) Claeys” as her primary basis for the complaint.
Claeys contends that, because Avitable failed to specify him as a respondent under the second heading of her MCAD complaint, she cannot name him in the instant action. It is clear that a MCAD complaint must contain appropriate identification of the person(s) alleged to have committed unlawful discriminatory acts and a concise statement of those acts, G.L.c. 15IB, §5, and that the failure to identify somewhere in the MCAD complaint an individual who is alleged to have discriminated, bars a plaintiff from later maintaining a c. 15 IB claim against that person in court. Powers v. H.B. Smith Co., 42 Mass.App.Ct. 657, 659 (1997). No appellate court of the Commonwealth has decided, however, that the failure to specify a person under the second heading of the MCAD complaint form, where the person has been identified elsewhere in the MCAD complaint as a person responsible for the sexual harassment, precludes a later court action against the unnamed party.
The federal courts have consistently held that, even where a wrongdoer was nowhere specified in an administrative charge before the Equal Employment Opportunity Commission (“EEOC”), there are exceptions to the rule that such a person is not subject to a subsequent civil action. See King v. First, 46 Mass.App.Ct. 372, 375 (1999), citing McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 504-05 (1st Cir. 1996); Chatman v. Gentle Dental Center of Waltham, 973 F.Supp. 228, 234-35 (D.Mass. 1997). The Appeals Court assumed in dicta that the exceptions contemplated by the federal courts in regard to such EEOC complaints apply to the MCAD even in a situation where (unlike here) the party was not specifically mentioned anywhere in the MCAD complaint. See King, supra at 375 (“[wel assum[e] without deciding that these exceptions are applicable in this case . . .”).
Those federal exceptions which are cited with tentative approval in King consider whether the unnamed respondent “has notice of, and participated in, the conciliation proceedings.” Id. The purpose of the filing requirement for a proper MCAD charge is to provide a respondent with notice of the charges and an opportunity to conciliate them. See King, supra at 375; Carter v. Commissioner of Corrections, 43 Mass.App.Ct. 212, 217 (1997). A charge that puts a party’s conduct at issue and provides him with fair notice and an opportunity to participate in the MCAD proceeding permits that party to be named as a defendant in a later G.L.c. 15 IB action in court, even though he was not specifically identified anywhere in the MCAD complaint. See Chapin v. University of Massachusetts at Lowell, 977 F.Supp. 72, 76-77 (D.Mass. 1997) (plaintiffs identification of “management or other officials overseeing the Police Department” was adequate to put the police chiefs conduct at issue, and provide sufficient notice and opportunity to conciliate).
In the instant case, it is undisputed that Claeys was specifically identified in the “particulars” portion of MCAD complaint, and that his conduct was specifically placed at issue. In these circumstances, it is clear that Claeys, who was a supervisor in a small (25 employee) company, received fair notice and an opportunity to conciliate the charges. See King, supra.[1]
The only Superior Court decisions of which this Court is aware which have considered whether a party not named as a respondent, but otherwise identified as a wrongdoer in the MCAD complaint, can be sued, have reached contradictory conclusions. Compare Fuer v. Congregation of Sisters of St. Joseph of Boston, Inc., 1999 WL 1319000 (Superior Court, March 19, 1999, Gants, J.); and Kuketz v. MDC Fitness Corp., 1998 WL 1119863 (Superior Court, August 10, 1998, Chin, J.) [9 Mass. L. Rptr. 261], which allowed a plaintiff to proceed in the same circumstances presented here, with Mitchell v. New England Home for Little Wanderers, Inc., 1999 WL 475970 (Superior Court, June 29, 1999, Rouse, J.) [10 Mass. L. Rptr. 252]; Albee v. New England Medical Center Hospitals, Inc., 1997 WL 691524 (Superior Court, October 30, 1997, Fabricant, J.) [7 Mass. L. Rptr. 593]; and Riebold v. Eastern Casualty Insurance Company, Inc., 1997 WL 311523 (Superior Court, June 4, 1997, Brassard, J.) [6 Mass. L. Rptr. 706], which barred a plaintiff from proceeding in the same circumstances.
The Court concludes, however, as in Fuer, that it would be an unjust triumph of form over substance to conclude that Avitable had waived her opportunity to sue Claeys by her literal compliance with the headings of the MCAD form (which, as noted above, called only for an identification of her “employer,” but not for an identification of a charged individual employee, under the second heading of the complaint). Accordingly, this Court denies defendant Claeys’ motion to dismiss.
ORDER
It is therefore ORDERED that the Defendant’s Motion to Dismiss is DENIED with respect to so much of the complaint as alleges sexual harassment against Gulliksen and Claeys, and the motion is ALLOWED as to so much of the complaint as alleges race discrimination and a G.L.c. 214, §1C violation against each defendant.
*655 APPENDIX “A”
The Commonwealth of Massachusetts Commission Against Discrimination
DOCKET NUMBER:
EEOC/HUD NUMBER:
FILING DATE:
VIOLATION DATE:
Name of Aggrieved Person or Organization:
Name of the employer, labor organization, employment agency, or state/local government agency who discriminated against me:
No. of Employees:
Cause of Discrimination based on:
The particulars are:
I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.
(Signature of Complainant)

Indeed, it was represented at the hearing, without contradiction, that Claeys was present and personally participated in the MCAD conciliation hearing.