Cratsley, J.
The Commonwealth ofMassachusetts, through its Attorney General, brought this action for housing discrimination, pursuant to G.L.c. 151 B, §4(4), 4(4A), 4(7), and 4(18), against Douglas Aron, trustee of Kenwood Realty Trust, Kenwood Organization, Inc., and Umberto Fabri (“Fabri”). Kenwood Organization Inc. now moves this court to dismiss the complaint against it for lack of subject matter jurisdiction. For the reasons set out below, the Kenwood’s motion to dismiss is DENIED.

BACKGROUND

The complaint alleges that Ms. Suzanne Robinson (“Robinson”) was unlawfully discriminated against because she was subjected to sexual harassment by Fabri, the General Manager of Village on the Hill in Framingham, Massachusetts, where she lived. Village on the Hill is owned by Kenwood Realty Trust and managed by Kenwood Organization, Inc. Douglas Aron is both a trustee of Kenwood Realty Trust and the President of Kenwood Organization, Inc. The complaint also alleges that Kenwood Organization, Inc. and Kenwood Realty Trust were aware of the sexual harassment and failed to take appropriate corrective measures. In addition, the complaint alleges that when Robinson refused Fabri’s sexual advances and reported them to Kenwood Realty Trust, she was retaliated against by the defendants who refused to make repairs on her apartment.
The complaint specifically alleges that from 1995 to 1999, Fabri made “numerous unwelcome and offensive, sexually explicit comments and jokes to Robinson” and pressured Robinson to have a sexual relationship with him. Complaint ¶15. The complaint cites various specific incidents. For example, in the spring of 1998, Fabri requested that Robinson meet him in a vacant apartment to discuss a complaint that a tenant had made against her. When Robinson refused, Fabri threatened to inspect her apartment, to which Fabri had keys. The two finally agreed to meet at a nearby playground where Fabri is alleged to have used unwelcome sexually explicit language. The complaint cites other incidents where Fabri made inappropriate sexual comments to Robinson.
In April of 1999, Robinson notified the management at Village On the Hill that a number of tiles in her shower had fallen off and needed immediate repair. Fabri and the maintenance manager, Charles Fritz, came to inspect the shower and Fabri again is alleged to have made inappropriate sexual comments directed at Robinson. Although Fabri informed Robinson that someone would contact her to schedule the repair, she was never contacted. On June 8, 1999, Robinson wrote a letter to Kenwood Realty Trust informing it of Fabri’s conduct and the fact that the repairs had not yet been conducted. Robinson received no response to her letter. Robinson then reported the damage in her bathroom to the Framingham Board of Health who inspected the apartment on June 30, 1999. On July 2, 1999, the Board of Health notified the defendants that Robinson’s apartment was in violation of the sanitary code because, among other things, there was a hole in the shower wall. The defendants subsequently made the repairs to Robinson’s apartment.
On July 9, 1999, Robinson filed a complaint against Fabri and Kenwood Realty Trust with the United States Department of Housing and Urban Development (“HUD”) and with the Massachusetts Commission Against discrimination (“MCAD”). On July 19, 1999, Aron submitted a position statement written on Kenwood Organization, Inc. letterhead denying the allegations and stating that Fabri was a long-time employee of Kenwood Organization, Inc. He signed the statement as President of Kenwood Organization, Inc. On August 16, 2000, MCAD issued a finding of probable cause that the defendants unlawfully discriminated against Robinson because of her sex. On August 23, 2000, the defendants filed a notice of election to pursue a judicial determination of the matter under G.L.c. 15IB, §5. Pursuant to that statute, MCAD dismissed the matter and the Attorney General brought the present complaint charging unlawful sexual harassment, unlawful interference with housing, and unlawful retaliation and requesting declaratory and injunctive relief and damages.
*543 The defendant, Kenwood Organization, Inc. now moves to dismiss the complaint for lack of subject matter jurisdiction claiming that Robinson’s failure to name it as a defendant in the complaint she filed with MCAD bars this Superior Court action under G.L.c. 151B, §5.

DISCUSSION

Under Mass.R.Civ.P. 12(b)(1) a court must dismiss an action over which it lacks subject matter jurisdiction. When a court is considering a motion made under Mass.R.Civ.R 12(b)(1), the court may consider materials beyond the scope of the pleadings. See Watros v. Greater Lynn, 421 Mass. 106, 108-08 (1995).
Before an action maybe brought in Superior Court for a violation of c. 15 IB, a person must file a complaint with MCAD that identifies, among other things, the persons alleged to have committed the unlawful discriminatory act. See G.L.c. 151B, §5. The purpose of this filing requirement is to provide the employer with notice of the claim and to give the agency an opportunity to investigate and conciliate the claim. See Carter v. Commissioner of Correction, 43 Mass.App.Ct. 212, 217 (1997). Failure to name a party in the MCAD complaint usually bars the plaintiff from later filing a Superior Court action against that parly for violation of c. 151B. See Powers v. H.B. Smith Co., 42 Mass.App.Ct. 657, 667 (1997) (failure to name a party in an MCAD complaint when the plaintiff knew of that party’s involvement with the challenged action bars a subsequent court action against that party).
Federal courts have interpreted c. 15 IB to allow an action against a defendant who was not named as a respondent in the MCAD complaint if the complaint put the conduct of that defendant in issue and the defendant had notice of the complaint and an opportunity to conciliate the charge. See Chatman v. Gentle Dental Center of Waltham, 973 F.Sup. 228, 235 (D.Mass. 1997) (citing Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996); Brunson v. Wall, 405 Mass. 446 (1989)). See also Chapin v. University of Massachusetts at Lowell, 977 F.Sup. 72, 76 (D.Mass. 1997) (recognizing the test set out in Chatman v. Gentle Dental Center of Waltham and finding that an MCAD complaint alleging that “management and other officials” were aware of the harassment was sufficient to put the police chiefs conduct at issue and also finding that the chief had notice of the complaint and an opportunity to conciliate the claim).
The Massachusetts Court of Appeals in King v. First, 46 Mass.App.Ct. 372, 374 (1999), acknowledged that “no Massachusetts appellate decision has yet wrestled with the question whether the failure to name a party in the complaint filed with the MCALD precludes a later court action against the unnamed party without exception.” The Appeals Court in King assumed without deciding that the exceptions recognized by the federal courts when analyzing claims filed with the Equal Opportunity Employment Commission under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(1), applied for purposes of analyzing the claim by King. Id. 374-75 (the factors used by the federal courts in determining if an exception exists include: if the named party acted as the unnamed party’s agent and the unnamed party had notice of and participated in the conciliation proceedings, if the unnamed party was unknowable to the plaintiff, if the interests of the unnamed party are similar to those of the named party, if the absence of the unnamed party at the administrative proceedings would result in actual prejudice to the unnamed party, and if the unnamed party represented to the plaintiff that its relationship to the complaint was through the named party). The appellate court in King found, however, that even if the exceptions applied, they would not assist the plaintiff in maintaining his claim. Id. At 375. Although it did not affirmatively recognize any of the federal exceptions it discussed, the Appeals Court opinion did reiterate the language from Chatman v. Gentle Dental Center of Waltham that the purpose of the MCAD filing requirement is to provide notice to a defendant and to give a defendant the opportunity to conciliate. Id. (citing Carter v. Commissioner of Correction, 43 Mass.App.Ct. 212, 217 (1997)).
Numerous Superior Court cases have analyzed the question of whether a court action can be maintained against a party not named as a respondent in the MCAD complaint using the test set out by Chatman v. Gentle Dental Center of Waltham, supra, and Carter v. Commissioner of Correction, supra, of whether the party’s conduct was put at issue and whether the party had notice and an opportunity to conciliate the claim.[2]
Applying this test to the facts of the present case, the conduct of Kenwood Organization, Inc. was put at issue, it did have notice of the MCAD complaint, and it did have an opportunity to conciliate the charges. See Chatman v. Gentle Dental Center of Waltham, supra; Carter v. Commissioner of Correction, supra.
The plaintiff filed a complaint with MCAD naming Kenwood Realty Trust, Aron, and Fabri as respondents. The conduct of Kenwood Organization, Inc. was not directly mentioned in the substance of the complaint. Contrast Avitable v. W.M. Gulliksen Manufacturing Co., Inc., No. 00-3522A, 12 Mass. L. Rptr. 653 (Suffolk, February 20, 2001) (finding that a party who was specifically identified in the section of the MCAD complaint that requires a description of the unlawful action placed that party’s conduct in issue and gave him notice and an opportunity to conciliate the charges such that he could be named as a defendant in the court action).
There is a strong relationship, however, between Kenwood Realty Trust, Aron, Fabri, and Kenwood Organization, Inc. which is sufficient to establish that the conduct of Kenwood Organization, Inc. was placed at issue in the complaint. The MCAD complaint states that Fabri retaliated against Robinson’s resistance to *544 his sexual advances by failing to make needed repairs in his position as manager of the building. The MCAD complaint also states that Robinson reported Fabri’s conduct to the owner of the building, Kenwood Realty Trust. The MCAD complaint names Aron as a respondent in his capacity as trustee of Kenwood Realty Trust. Aron, however, also serves as president of Kenwood Organization, Inc. In this Court’s opinion, the ties of Aron, Fabri, and Kenwood Realty Trust to Kenwood Organization, Inc. are sufficient such that the allegations in the complaint put the conduct of Kenwood Organization, Inc. in issue.
Further, the defendant, Kenwood Organization, Inc., had notice of the MCAD complaint against it and had an opportunity to conciliate. In fact, Aron filed a written response to the MCAD complaint on behalf of Kenwood Organization, Inc. defending Fabri’s actions.' The letter was signed by Aron as president of Kenwood Organization, Inc. and also signed by Fabri. “A direct denial of MCAD charges has been found to be an indication of notice and an opportunity to conciliate." Mitchell v. New England Home for Little Wanderers, Inc., No. 98-4892A, 10 Mass. L. Rptr. 252 (Suffolk, June 29, 1999) (citing Chapin v. University of Massachusetts at Lowell, 977 F.Sup. 72, 77-78 (D.Mass. 1997). Kenwood Organization, Inc., by its response to the MCAD complaint, has shown that it had notice of the claim and an opportunity to conciliate.

ORDER

For the reasons stated above, the defendant Ken-wood Organization Inc.’s motion to dismiss is DENIED.

 See Avitable v. W.M. Gulitksen Manufacturing Co., Inc., No. 00-3522A, 12 Mass. L. Rptr. 653 (Suffolk, February 20, 2001) (finding that a party who was specifically identified in the section of the MCAD complaint that requires a description of the unlawful action placed that party’s conduct in issue and gave him notice and an opportunity to conciliate the charges such that he could be named as a defendant in the court action); Mitchell v. New England Home for Little Wanderers, Inc., No. 98-4892A, 10 Mass. L. Rptr. 252 (Suffolk, June 29, 1999) (finding that two parties who were not mentioned anywhere in the MCAD complaint had no notice of the charges against them and therefore could not be named as defendants in the court action, and finding that the conduct of another party was put in issue in the complaint, but that the party received no notice of the complaint or opportunity to conciliate and therefore could not be named as a defendant); Fuer v. Congregation of Sisters of St. Joseph of Boston, Inc., No. 96-6888 (Middlesex, March 19, 1999) (court action could be maintained because the conduct of an unnamed party was put in issue through the allegations in the MCAD complaint, that party had notice and an opportunity to participate in the conciliation proceedings, and that party’s interests were similar to those of the named party) LeClerc v. Interstate Distributors, Inc., No. 97-02008, 8 Mass. L. Rptr. 654 (Norfolk, February 11, 1998) (parties’ conduct was placed in issue in MCAD complaint, it could be inferred from the fact that the parties investigated the complaint that they had notice, and it could also be inferred that they participated in the response to the complaint); Kuketz v. MDC Fitness Corp., No. 98-0114A, 9 Mass. L. Rptr. 261 (Plymouth, August 10, 1998) (action could be maintained against a party not named as a respondent in the MCAD complaint because her conduct was put at issue and she had notice and an opportunity to conciliate); Riebold v. Eastern Casualty Insurance Co., Inc., No. 97-00306, 6 Mass. L. Rptr. 706 (Middlesex, June 4, 1997) (action could not be maintained against unnamed parties even though the identity and conduct of those parties was set out in the description section of the MCAD complaint form); Albee v. New England Medical Center Hosptials, Inc., No. 96-1655-3, 7 Mass. L. Rptr. 593 (Middlesex, October 30, 1997) (finding that the complaint against a party whose conduct was put at issue, but who was not named as a respondent in the MCAD complaint could not be maintained, even though the plaintiff had moved to amend the MCAD complaint to add the unnamed party, because none of the federally recognized exceptions under Ttle VII applied).