Leibensperger, Edward P., J.
Plaintiff asserts in her complaint that she was the victim of sexual advances, assault and harassment. She names defendant Leite as the “biggest offender” and claims that as a result of the hostile workplace she was constructively discharged by her employer, Gold Medal Bakeiy. Her complaint is in two counts: Count I against both defendants for violation of the Massachusetts anti-discrimination law, G.L.c. 151B, and Count II against defendant Leite for “aiding and abetting” the violation of c. 151B. Defendant Leite now moves for summary judgment on the basis that plaintiff failed to name him as a respondent in her action filed with the Massachusetts Commission Against Discrimination (“MCAD”) and, as a result, her claims against him in this court must be dismissed. For the reasons stated below, Leite’s motion must be ALLOWED.
BACKGROUND
The essential facts for deciding this motion are undisputed.
Plaintiff worked for Gold Medal Bakeiy in the quality control department. Leite, whose title was “working foreman,” was her immediate supervisor. On September 9, 2009, plaintiff sent a demand letter to Gold Medal Bakeiy alleging sexual harassment and assault by Leite. She also alleged sexual harassment by others at Gold Medal Bakeiy and indicated she could no longer work at the company as of September 11,2009.
On October 14, 2009, plaintiff filed a Charge of Discrimination with the MCAD. In the portion of the form document labeled “NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, STATE/LOCAL GOVERNMENT AGENCY AND/OR INDIVIDUALS WHO DISCRIMINATED AGAINST ME” plaintiff named Gold Medal Bakery, only. In the attached statement of PARTICULARS of the charge, plaintiff stated that “Mr. Leite and some of my male co-workers took it [horseplay and immature behavior] to the extreme and made incredibly hurtful and offensive comments.” Further, “Mr. Leite constantly sexually harassed me, and on one occasion in March 2009, he sexually assaulted me.” Plaintiff went on to describe a particular text message from Leite that was offensive and constituted part of the harassment.
On Februaiy 1, 2010, plaintiff, through her attorney, requested to withdraw her complaint before the MCAD because she intended to pursue the matter in court. On March 15, 2010, the MCAD dismissed the complaint on the ground that “Complainant wishes to file a civil action on the same matter in court.” The record is devoid of any information as to what occurred, if anything, in connection with the MCAD complaint during its pendency. Plaintiff admits, however, that she “did not name Leite as a party respondent on the MCAD complaint.” On Februaiy 4, 2010, plaintiff filed this action.
The last day of Leite’s employment at Gold Medal Bakeiy was September 4, 2009, the week before plaintiffs departure. Leite was terminated from employment because he allegedly lied to his employer. By letter to Gold Medal Bakeiy dated September 30,2009, Leite, through counsel, asserted a claim of wrongful termination against the company. Counsel for Gold Medal Bakeiy, on October 12, 2009, forwarded to Leite’s counsel a copy of plaintiffs September 9, 2009 *584 demand letter and requested Leite’s responses to the allegations. On November 19, 2009, counsel for Gold Medal Bakery forwarded to Leite’s counsel a copy of the MCAD complaint filed by plaintiff.
DISCUSSION I. Standard of Review
Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence negating an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond with evidence of specific facts establishing the existence of a genuine dispute. Pederson, 404 Mass. at 17. An adverse party cannot defeat a motion for summary judgment merely by resting on its pleadings and assertions of disputed facts, rather it must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that there is a genuine issue for trial. Mass.RCiv.P. 56(c). When deciding a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. Attorney Gen. v. Bailey, 386 Mass. 367, 370-71 (1982).
II. Leite’s Motion for Summary Judgment
“The failure to name a party in the complaint filed with the MCAD has been ruled to bar a plaintiff from later maintaining a G.L.c. 15 IB claim in court against the party.” King v. First, 46 Mass.App.Ct. 372, 373-74 (1999), citing Powers v. H.B. Smith Co., 42 Mass.App.Ct. 657, 667 (1997). Plaintiff argues, however, that she should be relieved of the consequences of that legal principle because she named Leite in the Particulars section of her MCAD complaint and because Leite received notice of the MCAD proceeding from counsel for Gold Medal Bakery. She relies upon federal precedent where suits against an individual not named in the administrative complaint have been allowed to proceed against the individual in certain circumstances. See, Chapin v. University of Massachusetts at Lowell 977 F.Sup. 72, 76-77 (D.Mass. 1997), and Chatman v. Gentle Dental Center, 973 F.Sup. 228, 236 (D.Mass. 1997). See also, Hayes v. Henri Bendel, Inc., 945 F.Sup. 374, 378 (D.Mass. 1996). In general, Massachusetts courts will “apply Federal case law construing the Federal anti-discrimination statutes in interpreting G.L.c. 15 IB.” Wheatley v. American Tel. & Tel Co., 418 Mass. 394, 397 (1994).
In addition, both parties have cited several decisions from justices of the Superior Court on the question. Some of those decisions have allowed the plaintiff to proceed in court on a c. 15IB claim against an individual where the individual was not named as a respondent in the MCAD complaint. Several of those decisions, on the other hand, grant summary judgment in favor of the individual defendant not named as a respondent in the MCAD complaint.
A review of the federal and state cases provides the following framework for analysis. The purpose of the MCAD process is to provide notice of a potential legal proceeding, whether administrative or in court, that could result in an adverse judgment. Further, the purpose of the process is to give a party the opportunity to avoid a lawsuit by taking advantage of the conciliation process at MCAD. Finally, the purpose includes the possibility of using the MCAD as the forum to decide the matter in a way that is binding on all parties. Thus, the factors to consider when evaluating whether an individual not named as a respondent may be subsequently sued in court are whether (1) his conduct was put at issue in the MCAD complaint, (2) he- received notice of the charge, (3) he had an opportunity to, or did in fact, participate in the administrative proceedings, (4) his interests were closely aligned with the named respondent such that the named respondent would protect his interests, and (5) he would be unfairly prejudiced by the failure to name him as a respondent.
Applying those factors to the present case results in summary judgment in favor of Leite. While plaintiffs MCAD complaint identified Leite in the Particulars section, thereby putting his conduct at issue, the complaint did not put him on notice that she would be seeking damages or other relief from him. The fact that plaintiff, herself, did not serve Leite with notice of the MCAD complaint adds to the inference, reasonably taken, that he was not at risk of any legal consequence of the MCAD proceeding. Therefore, Leite had no reason to seek a conciliation of the charge. If, for example, the MCAD case had proceeded to a final decision, Leite would not have been bound. In addition, Leite, a relatively low-level ex-employee of Gold Medal Bakery, was not closely aligned with the company. In fact, he had been fired and he had written a demand letter alleging wrongful termination. There is no basis to conclude that Gold Medal Bakery would protect his interests. Accordingly, suing Leite in this action does not fall within the narrow exception to the general rule that a party may not be sued for a c. 151B violation, or aiding and abetting such a violation, if he has not previously been a party to a MCAD proceeding.
CONCLUSION
For the reasons stated, Leite’s motion for summary judgment is ALLOWED.