NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1210

AINSLEY MORECROFT

vs.

CPF TAYLOR POND, LLC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Ainsley Morecroft sued her former landlord, CPF Taylor Pond, LLC (landlord), for violations of anti-discrimination and fair housing laws.  The Housing Court dismissed the complaint on the basis of claim preclusion.  Morecroft now appeals that dismissal and seeks review of an earlier order to set aside a default.  We reverse the judgment of dismissal, affirm the order to set aside the default, and remand for further proceedings.

Background.  Morecroft lived in a property owned by the landlord from 2017 until around April 2023.  Throughout 2022, Morecroft made several requests for reasonable accommodations, which the landlord denied after deciding that they were not based on a disability-related need.  In December 2022, the

landlord served Morecroft with a thirty-day notice to quit for alleged lease violations; Morecroft asserts that the eviction was in retaliation for her accommodation requests.

Thereafter, Morecroft filed a complaint with the Massachusetts Commission Against Discrimination (MCAD). The MCAD dismissed the complaint for lack of probable cause; Morecroft sought review of the determination pursuant to 804 Code Mass. Regs. § 1.08(4)(b) (2020), and the investigating commissioner affirmed the dismissal.

Morecroft then filed this action in Housing Court. Her complaint mistakenly named the defendant as "Village at Taylor Pond" (the name of the housing complex where she had lived), rather than using the landlord's name, CPF Taylor Pond, LLC. As a result, no defendant entered an appearance, and a default was entered. Thereafter, the landlord made a special appearance, essentially moved to set aside the default, and argued that it was neither named in nor served with the complaint. A judge set aside the default and allowed Morecroft to amend her complaint to name the landlord.

The landlord subsequently moved to dismiss, arguing that the MCAD dismissal precluded the civil action. After a hearing,

a second judge allowed the motion.  Morecroft now appeals both the dismissal and the earlier order setting aside the default.[1]

Discussion.  1.  Judgment of dismissal.  Morecroft's brief asserts in conclusory fashion that the dismissal was incorrect.  She also asserts that claim preclusion should not apply because "the matter has not been properly adjudicated."  This falls short of proper argument.  Ordinarily, "[t]he appellate court need not pass upon questions or issues not argued in the brief."  Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  We nonetheless address the issue here because the error in dismissing the complaint is clear and capable of repetition.

We review the dismissal of a complaint on the basis of claim preclusion de novo.  See Ryan v. Mary Ann Morse Healthcare Corp., 483 Mass. 612, 614 (2019).  "The invocation of claim preclusion requires three elements:  (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits" (quotation and citation omitted).  Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005).  Though we do not know the content of either Morecroft's complaint to the MCAD or the MCAD's dismissal thereof -- neither was provided in the

_____

[1] Morecroft also asks us to award damages.  As an appellate court, it is not our place to do so.  However, Morecroft may continue to pursue this relief on remand.

3

record appendix -- it appears undisputed that the first two elements of claim preclusion are satisfied here. The third element, however, is missing.

The landlord does not explain why the MCAD's dismissal for lack of probable cause qualifies as a final judgment on the merits or cite any authority so stating. Rather, the landlord argues that Morecroft may choose between filing an MCAD complaint or a civil action, but may not do both, citing King v. First, 46 Mass. App. Ct. 372, 373 n.2 (1999). But the landlord's cited footnote merely states that G. L. c. 151B, § 9, was amended in 1991 "to permit a plaintiff alleging housing discrimination to commence a civil action . . . without first filing a complaint with the MCAD." Id. King did not state that the amendment created an exclusive choice between the two avenues of relief. See id.

To the contrary, "[e]ven where the investigating commissioner affirms the finding of no probable cause, nothing in the statute precludes the complainant from filing a civil action under G. L. c. 151B, § 9, so long as it is initiated within the limitations period." Grandoit v. Massachusetts Comm'n Against Discrimination, 95 Mass. App. Ct. 603, 606 (2019). See Stern v. Haddad Dealerships of The Berkshires, Inc., 477 F. Supp. 2d 318, 326 (D. Mass. 2007) (MCAD's lack of probable cause determination has no preclusive effect).

4

Therefore, Morecroft's present action is not precluded merely because the MCAD dismissed, and later affirmed the dismissal of, her complaint alleging the same underlying facts.[2]

2. <u>Setting aside default</u>. An entry of default may be set aside for "good cause." Mass. R. Civ. P. 55 (c), 365 Mass. 822 (1974). "There is no mechanical formula for determining whether good cause exists[,] and courts may consider a host of relevant factors" (citation omitted). <u>Ceruolo</u> v. <u>Garcia</u>, 92 Mass. App. Ct. 185, 189 (2017). We review a decision to set aside an entry of default for abuse of discretion. <u>Id</u>. at 188.

Here, the original complaint erroneously named "Village at Taylor Pond" as the defendant. It is that entity, whatever its legal status, that was defaulted on June 12, 2024. Only later, on July 18, 2024, was the complaint amended to properly name the landlord, CPF Taylor Pond, LLC, as the defendant, and only on that date was the landlord served with the complaint. Thus, the party against which Morecroft now seeks relief -- the landlord -- was never defaulted. The removal of the default against "Village at Taylor Pond" did not "injuriously affect[]

---

[2] The landlord also argues that 804 Code Mass. Regs. § 1.08(4)(b)(3) (2020) prohibits judicial review of the MCAD's dismissal. This is true but immaterial; nothing in the complaint suggests that Morecroft is seeking judicial review rather than pursuing a separate, civil action arising from the same underlying events. Indeed, one judge stated during a hearing, "this is not an appeal to court. This is a separate litigation . . . ."

[Morecroft's] substantial rights" and thus there is no ground for "disturbing" the order removing the default.  G. L. c. 231, § 119.  If there were any abuse of discretion (and we see none) in removing the default, or in extending any deadlines before Morecroft amended her complaint, it was harmless and would not entitle Morecroft to relief in this appeal.

The judgment of dismissal is reversed, and the case is remanded for further proceedings.

The order allowing the motion to set aside the entry of default is affirmed.

By the Court (Sacks, Smyth & Wood, JJ.[3]),

Clerk

Entered:  November 20, 2025.

---

[3] The panelists are listed in order of seniority.